1
2
3
4
5
6
7
8
9
10
11

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

12
13
14
15
16
17

| | |
|---|---|
| GREG G. C.,<br><br>                  Plaintiff,<br><br>     v.<br><br>ANDREW M. SAUL, Commissioner of<br>Social Security,<br>                  Defendant. | Case No.  SACV 19-00616-RAO<br><br>**MEMORANDUM OPINION AND ORDER** |

18
19
20
21
22
23

## I.    INTRODUCTION

Plaintiff Greg G. C.[1] ("Plaintiff") challenges the Commissioner's denial of his application for a period of disability and disability insurance benefits ("DIB").[2]  For the reasons stated below, the decision of the Commissioner is REVERSED and the action is REMANDED.

24
25
26
27
28

---

[1]  Plaintiff's name is partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2]  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew M. Saul, the current Commissioner of Social Security, is hereby substituted as the defendant.

## II.     PROCEEDINGS BELOW

On February 9, 2016, Plaintiff protectively filed a Title II application for DIB alleging disability beginning on June 17, 2015.[3]  (Administrative Record ("AR") 137.)  The application was denied in July 2016, after which Plaintiff requested a hearing.  (AR 60-72, 84.)   The Administrative Law Judge ("ALJ") held an administrative hearing on May 4, 2018.  (AR 28-59.)  Thereafter, the ALJ issued an unfavorable decision on June 4, 2018, finding Plaintiff had not been under a disability, pursuant to the Social Security Act,[4] from June 17, 2015 through the date of the decision.  (AR 15-24.)  The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review.  (AR 1-6.)  Plaintiff filed this action on April 1, 2019.  (Dkt. No. 1.)

The ALJ followed a five-step sequential evaluation process to assess whether Plaintiff was disabled under the Social Security Act.  *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).  At **step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 17, 2015, the alleged onset date ("AOD").  (AR 17.)  At **step two**, the ALJ found that Plaintiff had the severe impairments of degenerative disc disease of the lumbar spine and dysfunction of major joints.  (*Id.*)  At **step three**, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (AR 19.)

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to:

---

[3] The file also contains an application for supplemental security income benefits (abbreviated), dated February 12, 2016.  (AR 143-52.)  It is unclear what happened to this application, but it is not at issue here.

[4]Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment expected to result in death, or which has lasted or is expected to last for a continuous period of at least 12 months.  42 U.S.C. § 423(d)(1)(A).

2

> [P]erform light work . . . except occasionally climb ramps and stairs; never climb ladders, ropes or scaffolds; and occasionally balance, stoop, kneel, crouch and crawl.  Must avoid exposure to hazards like heavy machinery and unprotected heights.  In terms of manipulative limitations, he can never reach overhead with the right upper extremity, but can occasionally reach in all other directions with that same extremity.

(AR 20.)

At **step four**, based on Plaintiff's RFC and the vocational expert ("VE")'s testimony, the ALJ found that Plaintiff was unable to perform any past relevant work.  (AR 22.)  At **step five**, the ALJ found that Plaintiff was an individual of advanced age on the AOD, has at least a high school education and is able to communicate in English, and acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy, such as machine shop supervisor and inspecting machine operator.  (AR 23.)  Using Medical-Vocational Guidelines (the "Grids") Rule 202.07, the ALJ determined that considering Plaintiff's age, education and transferable work skills, Plaintiff had not been under a disability from the AOD through the date of the decision.  (AR 24.)

### III.   STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits.  A court must affirm an ALJ's findings of fact if they are supported by substantial evidence, and if the proper legal standards were applied. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001).  "Substantial evidence . . . is 'more than a mere scintilla[,]' . . . [which] means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, —U.S. —, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019) (citations omitted); *see also Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017).  An ALJ can satisfy the substantial evidence requirement "by setting out

a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted).

"[T]he Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence.  Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the Secretary's conclusion." *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001) (citations and internal quotations omitted).  "'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." *Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1198 (9th Cir. 2008) (citing *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)); *see also Robbins v. Social Sec. Admin.,* 466 F.3d 880, 882 (9th Cir. 2006) ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ.").  The Court may review only "the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citing *Connett v. Barnhart,* 340 F.3d 871, 874 (9th Cir. 2003)).

**IV.   DISCUSSION**

Plaintiff's sole contention is that the ALJ did not properly identify a significant range of work that he could perform at step five. (Joint Stipulation ("JS") at 4-9, 13-17.)  The Commissioner disagrees. (JS at 9-13.)  For the reasons below, the Court concludes that remand is warranted.

**A.   The ALJ Erred at Step Five**

Plaintiff argues that the ALJ erred at step five because the ALJ relied on VE testimony that Plaintiff could perform the occupation of inspecting machine operator without eliciting a reasonable explanation to reconcile the apparent conflict between the VE testimony and the Dictionary of Occupational Titles ("DOT"). (JS at 5.)  He further argues that the error was not harmless because even though the machine shop

4

1   supervisor occupation would remain, that occupation is insufficient to demonstrate

2   the existence of an ability to perform a significant range of alternate work.  (JS at 6-

3   7.)  Additionally, Plaintiff argues that Grid Rule 202.06, not 202.07, applies, which

4   directs a conclusion of disability.  (JS at 7.)

5                    **1.  Applicable Legal Standard**

6           At step five, an ALJ must "elicit a reasonable explanation" for any conflict

7   between "[o]ccupational evidence provided by a VE and the occupational

8   information supplied by the DOT" "before relying on the VE . . . evidence to support

9   a determination or decision about whether the claimant is disabled."  Social Security

10   Ruling ("SSR") 00-4p, 2000 WL 1898704, at *2 (Dec. 4, 2000); *see also Gutierrez*

11   *v. Colvin*, 844 F.3d 804, 807 (9th Cir. 2016) ("If the expert's opinion that the

12   applicant is able to work conflicts with, or seems to conflict with, the requirements

13   listed in the [DOT], then the ALJ must ask the expert to reconcile the conflict before

14   relying on the expert to decide if the claimant is disabled.").  Further, the ALJ "must

15   resolve the conflict by determining if the explanation given by the VE . . . is

16   reasonable and provides a basis for relying on the VE . . . testimony rather than on

17   the DOT information."  SSR 00-4p at *4.  "The adjudicator will explain in the

18   determination or decision how he or she resolved the conflict."  *Id*.

19                    **2.  Discussion**

20           Here, at the outset of the VE's testimony, the ALJ told the VE to advise her of

21   any conflicts with the DOT and provide the basis for the opinion.  (AR 50.)  After

22   discussing Plaintiff's past relevant work, the ALJ asked the VE to assume the

23   existence of a hypothetical person with Plaintiff's RFC, including the limitation to

24   occasional reaching with the right upper extremity.[5]  (AR 51.)  The VE testified that

25   such an individual would not be able to perform Plaintiff's past relevant work, but

26   _____

27   [5] Plaintiff does not contend that an apparent conflict exists regarding the RFC
limitation precluding reaching overhead with the right upper extremity, so the Court

28   does not discuss  the overhead reaching preclusion.

1  with his transferrable skills, he could perform the representative occupations of

2  machine shop supervisor (DOT No. 609.130-010) and inspecting machine operator[6]

3  (DOT No. 602.362-014.)  (AR 52-53.)  The DOT classifies the reaching requirement

4  of inspecting machine operator as constant.  (DOT No. 602.362-014.)  The ALJ did

5  not specifically ask the VE to reconcile an apparent conflict between the VE's

6  testimony and the DOT description of inspecting machine operator, and the VE did

7  not advise her of any conflicts.  The ALJ determined that the VE's testimony was

8  consistent with the DOT and relied on the VE's testimony in finding that Plaintiff

9  was not disabled under Grid Rule 202.07.  (AR 24.)

10  The Commissioner argues that Plaintiff waived the issue regarding an apparent

11  conflict because her counsel did not cross-examine the VE about her testimony or

12  otherwise object to her testimony at the hearing, nor did she raise the issue before the

13  Appeals Council.  (JS at 11) (citing *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir.

14  1999)).  The Commissioner further argues that there is no conflict between the DOT

15  job description for inspecting machine operator[7] and the RFC for occasional reaching

16  with the right upper extremity.  (JS at 11.)  Finally, the Commissioner argues that any

17  error was harmless, as Plaintiff could still perform the machine shop supervisor

18  occupation, and also the mail, clerk, marker, photocopying machine operator, order

19  clerk, and personnel scheduler occupations, which is a significant range of work

20  under Grid Rule 202.00(c).  (JS at 11-12.)

21  ///

---

22  [6] The VE referred to this position by its alternate title, "coding and packing machine

23  operator."  (AR 53.)  Because both parties refer to the position by its primary title,
"inspecting machine operator," the Court uses that terminology.

24  [7] In actuality, the Commissioner argues that there is no conflict between the DOT job

25  description for *machine shop supervisor* and the RFC for occasional reaching with
the right upper extremity.  The reference to machine shop supervisor appears to be

26  scrivener's error, as the Commissioner cites the DOT number for inspecting machine

27  operator, cites case law regarding whether reaching requirements necessitate both
hands, and identifies the machine shop supervisor occupation in the harmless error

28  argument.

The Court is not persuaded by the Commissioner's argument that Plaintiff waived the issue regarding an apparent conflict. Counsel's failure to object or otherwise raise the issue does not excuse the ALJ of reconciling apparent conflicts. *See Lamear v. Berryhill*, 865 F.3d 1201, 1206 (9th Cir. 2017) ("[O]ur law is clear that a counsel's failure does not relieve the ALJ of his express duty to reconcile apparent conflicts through questioning: 'When there is an apparent conflict between the vocational expert's testimony and the DOT—for example, expert testimony that a claimant can perform an occupation involving DOT requirements that appear more than the claimant can handle—the ALJ is *required* to reconcile the inconsistency.'") (quoting *Zavalin v. Colvin*, 778 F.3d 842, 846 (9th Cir. 2015) (footnote omitted). Accordingly, Plaintiff is not precluded from raising her claim.

Turning to the question whether there was an apparent conflict, the Court notes that two recent Ninth Circuit cases involved claims that an ALJ failed to reconcile a conflict between VE testimony and DOT descriptions. In *Gutierrez v. Colvin*, *supra*, the Ninth Circuit found no "obvious or apparent" conflict where the DOT described a cashier's frequent reaching responsibilities and the RFC limited the claimant's left arm overhead lifting, noting "not every job requires the ability to reach overhead," and found, based on common experience, that bilateral overhead reaching is not a likely or foreseeable part of cashiering duties. *Gutierrez,* 844 F.3d at 808. In *Lamear v. Berryhill*, *supra*, the Ninth Circuit found an apparent conflict where the DOT described an office helper's, mail clerk's, and parking lot cashier's frequent handling, fingering, and reaching responsibilities and the RFC limited the claimant to occasional handling, fingering, and feeling with the left hand. *Lamear*, 865 F.3d at 1205-06. The Ninth Circuit concluded that the descriptions of the duties in the DOT for the three occupations at issue "strongly suggest[ed] that it is likely and foreseeable" that requirements of the occupations at issue conflicted with the RFC, requiring the ALJ to ask the VE to resolve the apparent inconsistency. *Id.* at 1205. The Ninth Circuit could not determine whether the ALJ's error was harmless, as the

7

court "c[ould]not determine from this record, the DOT, or [its] common experience whether the jobs in question require both hands." *Id.* at 1206.

The DOT description for inspecting machine operator specifies "[r]eaching: Constantly – Exists 2/3 or more of the time." (DOT No. 602.362-014.) The DOT does not indicate whether the reaching is bilateral. The following description is provided:

> Sets up and operates gear inspecting and sorting machines to measure gears for deviations from dimensional specifications and to test mesh of gears with master (inspection) gears: Positions gear in spindle and moves controls to engage it with master gear. Rotates gear and observes mating with master gear and listens for sounds indicating defective gear. Marks gear with ink or attaches tracing stylus to gear to locate and highlight wear points. Color codes gears to enable other workers to match gears having similar deviations. May file burrs or highspots on gears. May test mesh and accuracy of finished transmission gears and be designated Gear Roller (machine shop).

*Id.*

As in *Lamear*, the Court cannot determine from the record, the DOT, or common experience whether the inspecting machine operator occupation requires constant reaching by both extremities, and further questioning of the VE by the ALJ on this apparent conflict was required.

The remaining question is whether the availability of the machine shop supervisor occupation renders the ALJ's error harmless. Plaintiff argues that even if he could perform this occupation, the identification of one alternate, skilled/semiskilled occupation is insufficient to demonstrate the existence of an ability to perform a significant range of alternate work. (JS at 7) (citing *Lounsburry v. Barnhart*, 468 F.3d 1111, 1112-13 (9th Cir. 2006)). Plaintiff further argues that even if he could perform the machine shop supervisor occupation, Grid Rule 202.06

would direct a conclusion of disability.  (JS at 7.)  The error, as Plaintiff sees it, is not harmless.  The Commissioner argues any error is harmless because in addition to the machine shop supervisor occupation, Plaintiff could perform the occupations of mail clerk, marker, photocopying machine operator, order clerk, and personnel scheduler, which is a significant range of alternate work.  (JS at 12.)   The Commissioner relied on the VE's testimony that a hypothetical individual with Plaintiff's RFC plus a sit-stand option and no transferable skills could perform the light, unskilled occupations of mail clerk, marker, and photocopying machine operator; and a hypothetical individual with Plaintiff's RFC except limited to sedentary work with transferable skills could perform the sedentary occupations of order clerk and personnel scheduler.  (JS at 10; AR 55-56.)

The Court first examines the identification of the sedentary occupations of order clerk and personnel scheduler.  Where, as here, the claimant is 55 years of age or older, in order to find transferability of skills to skilled or semiskilled sedentary work, the sedentary work must be "so similar to [claimant's] previous work that [claimant] would need to make very little, if any, vocational adjustment in terms of tools, work processes, work settings, or the industry."  20 C.F.R. § 404.1568(d)(4). In the present case, the VE identified the semiskilled, sedentary occupations of order clerk and personnel scheduler when the ALJ asked if there were any occupations for a hypothetical individual with Plaintiff's RFC, except with transferrable skills at the sedentary level.  (AR 55-56.)  As the Commissioner acknowledges, the VE did not testify as to whether vocational adjustment would be required, nor did the ALJ find skill transferability to sedentary work or make a finding of "very little, if any, vocational adjustment."  Thus, the Court finds that the order clerk and personnel scheduler occupations do not support the Commissioner's harmless error argument. *See Renner v. Heckler*, 786 F.2d 1421, 1424 (9th Cir. 1986) ("[T]he ALJ must either make a finding of 'very little vocational adjustment' or otherwise acknowledge that a more stringent test is being applied which takes into consideration [the claimant's]

9

age."); *Barajas v. Colvin*, 2016 WL 4149959, at \*7 (C.D. Cal. Aug. 3, 2016) ("Crucially, the ALJ's opinion gives no indication that he made any finding as to the level of vocational adjustment necessary for the application of the transferrable skills, nor can this be fairly inferred from the hearing testimony.")  The Court is not persuaded by the Commissioner's argument based on how Plaintiff's transferable skills "appear" to a layperson where, as here, the VE did not testify regarding vocational adjustment and the ALJ did not make any finding as to the level of vocational adjustment necessary.  Further, as Plaintiff argues, the order clerk and personnel scheduler occupations require frequent reaching, which may present an apparent conflict with Plaintiff's RFC.

With respect to the light unskilled occupations of mail clerk, marker, and photocopying machine operator, the VE identified these occupations when asked what occupations were available for a hypothetical individual with Plaintiff's RFC with no transferable skills.  (AR 55.)  The ALJ, however, did not ultimately find that Plaintiff lacked transferable skills and did not rely on the VE's testimony regarding the availability of the mail clerk, marker, and photocopying machine operator occupations.  (AR 23.)  Thus, the Court finds that these occupations do not support the Commissioner's harmless error argument.

Plaintiff argues that the sole remaining occupation, the machine shop supervisor, is insufficient to constitute a "significant" number of occupations under *Lounsbury.*  Plaintiff's reliance on Grid Rule 202.06 is misplaced because that rule applies to a person of advanced age who has a high school education without transferable skills.  20 C.F.R. Part 404, subpt. P, app. 2 § 202.06; *Barnes v. Berryhill*, 895 F.3d 702, 706-07 (9th Cir. 2018) ("Grid rule 202.06 states that a person of 'advanced age' who has a high school education and skilled or semi-skilled work experience but no transferable skills is disabled.").  Here, as in *Lounsbury*, the ALJ

found Plaintiff to have transferable skills.[8]  (AR 23.)  What Plaintiff may have intended to argue is that with only one occupation remaining, he would be disabled under Rule 202.00(c)[9] because his skills "are not readily transferable to a significant range of semi-skilled or skilled work." *See Lounsbury*, 468 F.3d at 1117-18 (finding plaintiff disabled under Rule 202.00(c) even though she had transferable skills because one occupation was not a significant range of work). *Lounsbury*, however, is distinguishable.  In *Lounsbury*, the record established that only one occupation was available. *See id.* at 1117 ("The record in this case establishes that Lounsbury's skills transfer to precisely one occupation at her residual functional capacity.").  In contrast, the record here is unclear whether more than one occupation exists for Plaintiff, given the unresolved conflict regarding the inspecting machine operator occupation.[10]  (AR 53.)

In sum, the Court finds that an apparent conflict exists between the VE's testimony and the requirements of the DOT, and the ALJ erred by failing to identify and reconcile the conflict. *See Zavalin*, 778 F.3d at 847.  The Court further finds that the error is not harmless, and remand is warranted.

## B.    <u>Remand For Further Administrative Proceedings</u>

Because further administrative review could remedy the ALJ's error, remand for further administrative proceedings, rather than an award of benefits, is warranted here. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (remanding for an award of benefits is appropriate in rare circumstances).  Before ordering remand

---

[8] Plaintiff appears to argue that the plaintiff in *Lounsbury* was disabled under Grid Rule 202.06, but that is incorrect.  (JS at 17) ("Lounsbury is disabled under the appropriate grid rule 202.06.")  The Ninth Circuit found that the plaintiff's case fell under Grid Rule 202.07 because she had transferable skills.  (*Lounsbury*, 468 F.3d at 1116) ("Lounsbury's case is controlled by grid Rule 202.07.").

[9] Rule 202.00(c) is incorporated by reference into Rule 202.07.  20 C.F.R. Part 404, subpt. P, app. 2 § 202.07.

[10] The record is also ambiguous as to whether the VE cited only representative occupations or the only two occupations to which Plaintiff's skills could transfer.  (AR 53.)

for an award of benefits, three requirements must be met: (1) the Court must conclude that the ALJ failed to provide legally sufficient reasons for rejecting evidence; (2) the Court must conclude that the record has been fully developed and further administrative proceedings would serve no useful purpose; and (3) the Court must conclude that if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Id*. (citations omitted). Even if all three requirements are met, the Court retains flexibility to remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id*. (citation omitted).

Given the apparent conflict between the VE's testimony and the DOT, the Court cannot determine whether the ALJ properly relied on the VE's testimony. Under these circumstances, remand is appropriate. *See Massachi v. Astrue*, 486 F.3d 1149, 1153-54 (9th Cir. 2007). On remand, the ALJ shall perform the appropriate inquiries under SSR 00-4p and reconcile any conflicts at step five before making a disability determination.[11]

## V.   **CONCLUSION**

IT IS ORDERED that Judgment shall be entered REVERSING the decision of the Commissioner denying benefits and REMANDING the matter for further proceedings consistent with this Order.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: July 23, 2020

_____
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

---

[11] The Court does not address Plaintiff's argument that the identification of two skilled/semi-skilled occupations is not enough to demonstrate the existence of a significant range of work. (JS at 7.) If applicable, the ALJ may wish to consider this argument on remand.

12

1      **NOTICE**

2      **THIS DECISION IS NOT INTENDED FOR PUBLICATION IN WESTLAW, LEXIS/NEXIS, OR ANY OTHER LEGAL DATABASE.**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28